[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE TEMPORARY INJUNCTION
Facts.
The TOWN OF WINDSOR is a municipal corporation in the State of Connecticut.
The Defendant, MELVIN R. KOPEL, is the owner of and in possession of certain real property known as 25 Barber Street, Windsor, Connecticut. CT Page 1323-VVVV
Defendant at least since 1989 has been storing inoperable or unregistered motor vehicles and parts thereof on said premises in violation of Chapter 8, Article VI of the WindsorCode of Ordinance.
Plaintiff on or about September 29, 1995 notified Defendant of some of such violations and has issued no less than twelve (12) infraction tickets. Defendant continues said storage of inoperable or unregistered motor vehicles and parts thereof on his property in violation of the ordinance.
As of January 25, 1996 a 1982 Volvo, a 1980 Volvo, a 1984 Buick, a 1975 Chevrolet Vega, a 1976 Dodge, a 1971 Plymouth, a 1973 Ford and a 1969 Jeepster were all on Defendant's property and were all unregistered. None were capable of being operated on our Connecticut highways under our statutory law. All but the Jeepster have no current emissions stickers. The Jeepster, among other problems, has four flat, bald tires, a disconnected exhaust system, and no battery. All the motor vehicles have been inoperable or unregistered or both for more than three months.
The court has two photos of the Jeepster on defendant's property which on the passenger side is in part shielded by about 35 pickets of a loose stockade fence through which the vehicle may be seen. The front of the vehicle has a tall piece of plyscore leaning at about 45 degree angle over the grill and hood. The right front of the vehicle is clearly seen from the right front tire to about two-fifths of the way past the front. The right headlight, part of grill, part of bumper, and part of the right front wheel and tire can be seen. From the rear the top one or two feet of the rear of the vehicle are visible. The court cannot conclude whether any part of the driver's side is visible.
Law.
C.G.S. §§ 7-148 and 14-150a allow municipalities to enact ordinances providing for methods of removal from property within the municipality of "abandoned, inoperable or unregistered motor vehicles." The Town of Windsor passed such an ordinance, Chap. 8 Art. VI, effective August 15, 1994 (the Ordinance).
The 1982 Volvo, 1980 Volvo, 1984 Buick, 1975 Chevrolet CT Page 1323-WWWW Vega, 1976 Dodge, 1971 Grand Fury, 1973 Ford and 1969 Jeepster are each in violation of the ordinance because each is an unregistered motor vehicle. In addition they are each in violation of the ordinance because each is an inoperable motor vehicle.
As of the day of trial none of the motor vehicles was registered with the State of Connecticut Department of Motor Vehicles in accordance with C.G.S. § 14-12 et seq. If a motor vehicle is not so registered it may not be operated "on any highway's C.G.S. 14-12(a). Thus by lack of registration a motor vehicle is also "inoperable".
Defendant raises the defense that the Jeepster was excused from compliance with the ordinance because it is behind a fence as per the Ordinance Section 11. That section reads as follows:
Section 11. Fencing Exception. Anything to the contrary notwithstanding, it shall not be a violation of this ordinance to store up to one (1) inoperable or unregistered motor vehicle if completely enclosed in fencing so as not to be visible either from a public street or from neighboring properties provided:
(a) the fencing complies with all applicable codes and zoning regulations; and
(b) said vehicle is stored in the area of the property which is to the rear of the house.
The fence near the Jeepster does not comply with the Ordinance.
There is also an exclusion in the Ordinance for parties with permits. Defendant has no permits.
Emissions tests are required of each of these motor vehicles to operate on our highways. C.G.S. §§ 14-164b and14-164c(d). Seven of them do not have the emissions stickers required by that law to operate on Connecticut highways.
The Ordinance allows the Town Manager or his designee to start civil litigation as has been done here. Ordinance Chap. 8 Art. VI Section 13. Under that section the Town may recover CT Page 1323-XXXX its costs of removal, the costs of enforcement of this motor vehicle ordinance and reasonable attorney's fees.
The court finds plaintiff has no adequate remedy at law and will be irreparably injured if an injunction is not granted. See Conservation Commission v. Price, 193 Conn. 414,429-430.
The court has balanced the equities and concluded that they are clearly in favor of the plaintiff.
Judgement for plaintiff.
N. O'Neill, J.
PERMANENT INJUNCTION
The Plaintiff's verified complaint and application for a permanent injunction have come before the undersigned, a Judge of the Superior Court pursuant to an order to show cause why a permanent injunction should not issue as prayed for and the parties appeared and were fully heard;
For Cause shown, by authority of the State of Connecticut, the Court enters the following orders:
1. The Defendant, MELVIN R. KOPEL, is enjoined and ordered under penalty of $50 per day per motor vehicle for noncompliance, to remove all inoperable or unregistered motor vehicles and parts thereof from your property at 25 Barber Street, Windsor, Connecticut and to cease violation of Chapter 8, Article VI of the Windsor Code of Ordinances within fourteen (14) days of the entrance of this order and to maintain said property in compliance therewith.
2. Should the Defendant fail to comply with the foregoing order within fourteen (14) days, the Town of Windsor shall be permitted to enter onto the defendant's premises, remove said vehicles and parts thereof to bring the premises into compliance with said ordinance and to lien the premises for the costs of removal and disposal and to petition this court for the assessment of fines and attorneys fees for contempt.
Dated at Hartford, Connecticut this 13th day of February, CT Page 1323-YYYY 1996.
N. O'Neill, J.